## No. 827

## BRANNON v. OHIO POULTRY PRODUCERS CO-OP. ASSN.

Ohio Appeals, 6th Dist., Williams Co.

No. 162. Decided Oct. 18, 1927.

### First Publication of this Opinion.

Syllabus by Editorial Staff.

291. CONSTITUTIONAL LAW. — 308a. Co-operative Associations.—Are lawful and not in contravention of constitutional provisions or statutory enactments.

513. FALSE REPRESENTATIONS. — Must involve assertions of past or existing facts.

726. LIQUIDATED DAMAGES.— 910. Penalties.—Where nature of contract is such that damages, for breach thereof, would be uncertain as to amount and incapable of proof, reasonable provision, contained therein, for liquidated damages, not in nature of penalty.

Error to Common Pleas.
Judgment affirmed.

J. Arter Weaver and C. E. Scott, Bryan, for Brannon.

A. L. Gebhard, Bryan, for Poultry Producers Assn.

### STATEMENT OF FACTS.

The Poultry Association commenced this action in the Common Pleas, to recover damages for the alleged breach of a co-operative marketing agreement.

The agreement was executed on June 16, 1924, and was to become operative when producers, owning or controlling a minimum of 300,000 hens, had signed such argeement, and if this required number was not obtained by June 1, 1925, the contract, thereupon, ipso facto, terminated. Compliance having been made with this condition of the agreement, Biannon commenced, in July, 1925, to deliver poultry and eggs to the Association and continued to do so until Sept. 25, 1925, from which time, until the commencement of this action, he admittedly sold and delivered, to others than plaintiff, 60 dozen of eggs per week, aggregating at least 2,500 dozens, and 1,200 pounds of poultry.

Brannon, designated in the agreement as the purchaser, so long as he continued a member thereof, was to deliver, to the association, "all poultry and eggs produced by his hens or by hens, the products of which are controlled by him," except such as were used for home consumption and for hatching purposes or were sold for hatching and breeding purposes. The association was to market the poultry and eggs and Brannon was to receive his pro rata share of the net proceeds of the sale. The contract contained a provision that, if it was broken, the purchaser agreed to pay, to the association, five cents per dozen on eggs and four cents per pound on poultry for all eggs and poultry sold or marketed by him, directly or indirectly to others than the association. At the conclusion of all the evidence, plaintiff and defedant each moved the court for a directed verdict, whereupon, it having been admitted by defendant that he had sold, to others, the quantity of eggs and poultry to which we have referred, instead of delivering the same to the association, the court directed the jury to return a verdict for the association for $174 computed as stipulated damages in accordance with the contract.

### OPINION OF THE COURT.

The following is taken verbatim from the opinion.

LLOYD, J.

Plaintiff in error seeks to reverse the judgment entered upon this verdict. first contending that the contract under consideration is in violation of the Constitution of the United States and of the State of Ohio and of the anti-trust acts, so called, of the federal and state governments. We have examined the brief of the plaintiff in error and find no adequate reason advanced therein to justify such conclusion, especially in view of the decision of the Supreme Court of Ohio in List v. Co-operative Assn., 114 OS. 361, that co-operative associations, of the character of plaintiff, are lawful and that contracts like that here in question are not in contravention of the constitutional provisions or statutory enactments.

The error, of which plaintiff in error particularly complains, is that the trial court excluded certain testimony offered by him at the trial. The evidence shows that the making of the agreement in question was broached to defendant by one Carl Greek, who was the representative of plaintiff in the solicitation of members, and defendant claims, and offered to prove, that he would not have signed the agreement except for the representations, made to and relied upon by him, that if he would sign the contract and become a member of the association, the business would be profitable in that he would receive from three to six cents a dozen more for his eggs than he could otherwise obtain, and that, by the shipment of eggs in carloads, the defendant would receive further benefit and profit.

The alleged statement did not involve the assertion of a past or an existing fact, and we, therefore, are of the opinion that the trial court did not err in excluding this testimony.

Plaintiff in error claims, also, that the question of the amount of the damages, if any, should have been submitted to the jury because the measure of damages, as stipulated in the contract, is in the nature of a penalty rather than damages actually sustained. With this contention we do not agree for the reason that the nature of the contract is such that it is apparent that damages for breach thereof, of the character alleged, would be uncertain as to the amount and incapable of proof. The contract shows that the parties intended to fix the measure of damages as provided therein, and, considering the purposes sought to be attained thereby, we cannot say that the damages, as stipulated, are so unreasonable as to be considered unjust and in the nature of a penalty.

Judgment affirmed.

(Richards and Williams, JJ., concur.)